**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 16 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BERTON G. TOAVS, | No. 15-17199 |
| Plaintiff-Appellant, | D.C. No. 3:12-cv-00449-MMD-WGC |
| v. | |
| ROBERT BANNISTER; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted March 8, 2017[**]

Before:     LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Berton G. Toavs, a Nevada state prisoner, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo.  *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2004).  We affirm.

The district court properly granted summary judgment because Toavs failed to raise a genuine dispute of material fact as to whether defendants Dr. Bannister, Dr. Johns, or Dr. Mar were deliberately indifferent in treating Toavs's medical problems.  *See id.* at 1057, 1060 (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to the prisoner's health; a difference in opinion is insufficient to establish deliberate indifference).

The district court did not abuse its discretion in denying Toavs's motion to amend his complaint because Toavs failed to establish "good cause" for his delay in seeking amendment, and amendment would have been futile.  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607, 609-10 (9th Cir. 1992) (setting forth standard of review and "good cause" requirement to modify a scheduling order); *see also Chappel v. Lab. Corp.*, 232 F.3d 719, 725-26 (9th Cir. 2000) ("A district court acts within its discretion to deny leave to amend when amendment would be futile . . . .").

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Toavs's opposed motion to transmit physical exhibits (Docket Entry No. 11) is denied.

Toavs's request for costs, set forth in his opening brief, is denied.

**AFFIRMED.**